## Govora v. Ross

*Robert Weisgerber,* for plaintiffs.

*Pershing, Mears, Smith* and *King,* for plaintiffs.

*William A. Ross, Jr.* and *Dona Lou Ross,* for defendant, James Ross.

*Costello* and *Berk,* for defendant, Hursey.

LOUGHRAN, *J.,* December 2, 1980—The within action in trespass arising out of an automobile accident of August 14, 1976 in Westmoreland County, Pa., was begun by the issuance of a writ of summons in trespass and service of the same was made by certified mail upon defendant, Darwin Hursey, at Box 157, Pesotum, Illinois 61863 on September 5, 1978 by certified mail number 428660 marked "Restricted Delivery."

Defendant, Darwin Hursey, was named in the writ of summons in trespass as David Hursey and the writ was set to David Hursey at Box 157, Pesotum, Illinois 61863. Although Darwin Hursey was mistakenly named as David Hursey he nevertheless acknowledged receipt of this mail on September 16, 1978 as if addressed to him properly when he personally signed for receiving the writ of summons in trespass according to the green card attached to the affidavit of plaintiff's attorney.

Simultaneously Margaret Hursey, Darwin Hursey's wife, correctly named by her first and last name in the writ of summons in trespass had mailed to her on September 5, 1978, according to the affidavit of plaintiffs' attorney, a copy of the aforesaid writ which she signed for and acknowledged receipt of the same on September 8, 1978. On September 26, 1978 Messrs. Costello and Berk, attorneys for Margaret Hursey, entered their appearance for Margaret Hursey only.

Plaintiffs after discovering the mistake in Mr. Hursey's first name did petition to amend the caption and obtained a court order from the Honorable Robert H. Rial on January 17, 1979 allowing the amendment in the caption in reference to David Hursey, also known as Darwin Hursey.

A complaint in trespass was prepared by plaintiffs pursuant to the allowed amendment of the correct name of defendant, David Hursey, also known as Darwin Hursey, and served through the mail on Darwin Hursey according to the affidavit of plaintiff and also acknowledged the signature of Darwin Hursey affixed on the green card attached to the affidavit.

On February 20, 1979 Messrs. Costello and Berk entered their appearance on behalf of Darwin Hursey. On February 22, 1979, preliminary objections were filed by Messrs. Costello and Berk on behalf of Darwin Hursey, defendant, objecting to the jurisdiction that the Westmoreland County Courts may have obtained over the person of Darwin Hursey under the procedure used as set forth heretofore.

For some unexplained reason Messrs. Costello and Berk duplicated the preliminary objections by again filing preliminary objections on March 8, 1979. On March 27, 1979, plaintiffs filed an answer to the preliminary objections which supposedly framed the necessity of taking depositions to determine factual issues to aid the court in eventual disposition of preliminary objections.

Messrs. Costello and Berk, counsel for defendants, asked for the appointment of a commissioner to take testimony regarding the factual issues and report their findings of fact and conclusions of law to the court with regard to the issue raised by defendants' preliminary objections. The Honorable Gilfert M. Mihalich appointed Commissioner Carol J. Sokolski, Esq., on June 22, 1979 for this purpose

and continued the preliminary objections to the next argument list.

A deposition of David Hursey, also known as Darwin Hursey was taken on September 1, 1979 and made a part of this record. Again, for some unexplained reason these depositions were never submitted to Commissioner Sokolski nor did Commissioner Sokolski take any testimony or report her findings of fact and conclusions of law to the Honorable Gilfert M. Mihalich. Instead after the depositions of the defendant Hursey the Honorable Daniel J. Ackerman, at the request of Messrs. Costello and Berk on September 25, 1980 granted leave to file a brief in support of the preliminary objections and the case was then placed on the court en banc list for October, 1980. The within case was assigned to the Honorable Charles H. Loughran for opinion and hence it is obviously not necessary at this stage to have the matter transferred to Commissioner Sokolski appointed by the Honorable Gilfert M. Mihalich.

The deposition of David Hursey, also known as Darwin Hursey, taken on September 1, 1979 indicates that Mr. Hursey of Pesotum, Illinois was the man involved in an automobile accident on U.S. Route 30, Hempfield Township, Westmoreland County, Pa. on August 14, 1976 at 11:30 p.m.

It further indicates that he was driving the vehicle and the writ of summons in trespass was accepted by defendant as his mail in spite of the fact that it was addressed to him with a similar but different first name before the statute of limitations had run.

In 2 Goodrich-Amram 2d, 1033 allows amendments as follows:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change

the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

The comments under this rule at section 1033:3 entitled Amendment of the name of a party explains that where an existent person is named acknowledges receipt of a pleading, particularly before the statute of limitations has run, affixes jurisdiction of this case of that party in that jurisdiction.

The allowed amendment by Judge Rial to correct the name of a person now a party of record is allowable for in the facts in this case this is not a change from a non-existent person to an existent person introducing a wholly new party on the record after the statute of limitations as the defendant would have us believe. This is simply an allowable correction in the name of a person already an actual party of record where jurisdiction has been fixed.

It appears that Pa.R.C.P. 1033 was adopted to cover exactly the kind of situation where the plaintiff has served the correct party as he did in the within suit but has made a technical error in naming the party defendant.

## ORDER

And now, December 2, 1980 it appearing to the court that the appointment of Commissioner Carol J. Sokolski by the Honorable Gilfert M. Mihalich dated June 22, 1979 appears superfluous at this point and further that depositions having been taken of defendant regarding factual issues raised

in the preliminary objections and answers thereto which have now been submitted to this court, it is hereby ordered, adjudged and decreed that the order of court apointing Carol J. Sokolski, Esq., Commissioner is hereby revoked and is the further order of this court that the preliminary objections of defendant, David Hursey, also known as Darwin Hursey, are hereby dismissed.